IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| PAUL STEVEN MURPHY, #604381, | ) ) ) |
| Plaintiff, | ) ) NO. 1:23-CV-00013 ) |
| v. | ) ) ) JUDGE CAMPBELL |
| JASON CLENDENION, Warden, *et al.*, | ) MAGISTRATE JUDGE HOLMES ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION

Paul Steven Murphy, an inmate of the Turney Center Industrial Complex (TCIX) in Only, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Warden Jason Clendenion and Warden of Treatment Brad Cotham, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff also filed a Motion for the Appointment of Counsel. (Doc. No. 3).

### I. SCREENING OF THE COMPLAINT

**A. PLRA Screening Standard**

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged in the Complaint**

Plaintiff is an inmate of the TCIX, Unit 6. According to Plaintiff, the law library for Unit 6 inmates differs dramatically from the law library for inmates in the main compound of the same facility. In Unit 6, the law books were "all out of date by at least 12 years" until recently. The only computer does not work, and the sole typewriter is so old that ink cartridges are no longer available

for it. (Doc. No. 1 at 2). In the main compound, there are multiple portals for Westlaw online and several new computers that were provided in September 2022.

Plaintiff has sought updates to the Unit 6 law library. Plaintiff sent a letter to Interim Commissioner Lisa Helton regarding the law library issues, and she "instructed Warden Clendenion to update the law books." (*Id*.) Most law books were then updated. However, the computer and typewriter remain nonfunctional. In September 2022, Brad Cotham told Plaintiff by telephone that he had a new computer for Unit 6 and "we just need to install it." (*Id*.) To date, no new computer has been installed.

### D. Analysis

Plaintiff names Warden Jason Clendenion and Warden of Treatment Brad Cotham as Defendants in both their individual and official capacities. (Doc. No. 1 at 1). Plaintiff alleges equal protection claims against both Defendants as well as access to courts claims. The Court begins with Plaintiff's Equal Protection claims.

The complaint alleges that inmates in TCIX Unit 6 "are subject to equal protection, which affords us to utilize the exact same capabilities in Unit 6 Law Library s the Main Compound Law Library." (Doc. No. 1 at 2). "The Fifth Amendment's Equal Protection Clause does not prohibit the government from treating different groups of persons in different ways; it merely prohibits the government from doing so arbitrarily or for a legally-impermissible reason." *Heard v. Quintana*, 184 F. Supp.3d 515, 522 (E.D. Ky. 2016). "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). Because the Equal Protection Clause seeks to ensure that similarly

3

situated people are treated alike, *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985), an equal protection plaintiff must be similarly situated to his comparators "in all relevant respects. *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011); *see also Tree of Life Christian Schools v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) (noting that "a[ ] plaintiff bringing an equal protection claim must be 'similarly situated' to a comparator in 'all relevant respects.'").

Inmates are not a protected class for purposes of an equal protection analysis. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). An inmate cannot establish a violation of his equal protection rights simply by showing that other inmates were treated differently. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir.1992), *cert. denied*, 114 S. Ct. 127 (1993). A prisoner must show that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." *Id*. (citing *Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir.1988)).

Here, the complaint alleges that inmates housed in TCIX Unit 6 lack access to the same law library amenities afforded to inmates housed in the main compound. However, the complaint does not explain why some TCIX inmates are housed in the main compound and other inmates are housed in Unit 6. The complaint does not explain, for example, whether differences in security classifications are responsible for facility housing assignments. Thus, the complaint fails to state viable equal-protection claims because it fails to provide allegations demonstrating that prisoners in the main compound are similarly situated to prisoners in Unit 6. *See Smith v. Crews*, No. 5:21-cv-P35-TBR, 2021 WL 3621705, at *2 (W.D. Ky. Aug. 16, 2021) ("To the extent that Plaintiff may be alleging that general population prisoners are given more law library access, the complaint fails to state a viable equal-protection claim because it fails to provide allegations demonstrating

that segregated prisoners are similarly situated enough to general population prisoners to require similar law library rights."); *see also Pate v. Mathes*, No. 2:14-cv-150, 2014 WL 3784325, at *4 (E.D. Tenn. July 31, 2014) (quoting *Keevan v. Smith*, 100 F.3d 644, 649 (8th Cir. 1996) ("There can be no . . . meaningful comparison for equal protection purposes between two sets of inmates who are not similarly situated.")).

Nor has Plaintiff demonstrated that a discriminatory purpose is responsible for Plaintiff's placement in Unit 6 rather than in the main compound, the latter of which Plaintiff alleges has the better law library. The Court notes, also, that Plaintiff has no constitutional entitlement to be assigned to any particular prison, area of a prison, or cell. *See Meachum v. Fano*, 427 U.S. 215, 224 (1983). Thus, Plaintiff has not stated claims under Section 1983 for a violation of his right to equal protection. These claims will be dismissed.

The Court moves now to Plaintiff's First Amendment denial of access to the courts claims. Prisoners do not have a right to a law library but do enjoy a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Thus, "[a]n inmate cannot establish an actual injury simply by stating his prison's law library or legal assistance program is sub-par in some theoretical sense." *Post v. Mohr*, No. 1:11 CV 1533, 2012 WL 76894, at *13 (N.D. Ohio Jan. 10, 2012). In *Bounds*, the Supreme Court noted that, in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id*. at 824-25.

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. "[M]eaningful access will vary with the circumstances," and officials are to be accorded discretion in determining how that right is to be administered. *John L. v. Adams*, 969

5

F.2d 228, 233-34 (6th Cir. 1992); *Bounds*, 430 U.S. at 830-31. "The inquiry is [ ] whether law libraries or other forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds*, 430 U.S. at 825. To state a claim for a denial of access to the courts, therefore, a prisoner will have to demonstrate actual prejudice to pending litigation that challenges his sentence or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id*. at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim").

Here, Plaintiff fails to allege any actual injury to past or pending litigation as a result of not having access to a better law library. *See, e.g., Miller v. Blackwelder*, No. 4:07-cv-14, 2007 WL 107998, at *6 (E.D. Tenn. Apr. 9, 2007) (finding that prisoner-plaintiffs failed to state how the inadequate law library affected them personally or otherwise violated their constitutional rights). Indeed, Plaintiff acknowledges that "most" of the law books in the Unit 6 library have been updated since his efforts began to request upgrades to the Unit 6 library. (Doc. No. 1 at 2). Plaintiff is not constitutionally entitled to online Westlaw access, although the Court understands why Plaintiff would desire online legal research capabilities. And while the Unit 6 law library does not provide Plaintiff with access to a computer or typewriter, courts do not require pro se litigants to submit typed or digitally formatted pleadings. Indeed, Plaintiff successfully initiated this action by filing a handwritten complaint. The complaint does not allege that inmates in Unit 6 are not

6

provided with paper, pens, or stamps for preparing and mailing legal materials to the court. There are simply no allegations that Plaintiff, an inmate in TCIX Unit 6, has suffered an actual injury to past or pending litigation as a result of not having access to a better law library. While the Court commends Plaintiff's self-advocacy efforts and pursuit of a better law library, Plaintiff has failed to show that his federal constitutional rights have been violated by his placement in Unit 6 with, as he describes it, the worse law library of the two law libraries at TCIX. Consequently, Plaintiff fails to state a constitutional claim related to law library access.[1]

## II. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint fails to state equal protection and denial of access to the courts claims under Section 1983 upon which relief can be granted under Section 1983. Consequently, the case must be dismissed.

Plaintiff's Motion for the Appointment of Counsel (Doc. No. 3) will be denied as moot.

An appropriate Order will be entered.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Should the Unit 6 law library become so deficient that Plaintiff experiences actual prejudice to an ongoing court case, the Court's dismissal of this action does not prohibit Plaintiff from initiating a new lawsuit to vindicate the violation of his First Amendment right of access to the courts.